IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RICKY DARNELL JONES,

    Petitioner,

v.                                                       CASE NO. 4:06-cv-535-SPM-AK

JAMES MCDONOUGH,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 9, amended petition for writ of habeas corpus, by Ricky Darnell Jones.[1] Petitioner paid the filing fee. Respondent has filed a response, Doc. 14, and Petitioner has filed a reply. Doc. 16. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

After the first trial resulted in a hung jury, Petitioner was convicted of manslaughter for shooting one of two men who stole marijuana from him. During a police interview, he told the officer that one of the men had been purchasing "a little weed stuff from [him] every now and then." During opening statements, the prosecutor told the jury that the evidence would show that at the time of the incident, Petitioner "was somewhat of a small time drug dealer. He had sold to a guy named Milton Fagg on earlier occasions." Doc. 15, Ex. A. He later stated:

> [T]he reason...he knew Milton Fagg was that he had sold him some marijuana in the past, and in fact it was marijuana that was stolen, not just some money as was...the original part of his story. It turns out this was a drug ripoff type of a

---

[1] This cause was administratively reassigned to the undersigned on September 7, 2007.

case.

*Id*.  Defense counsel reminded the jury that Petitioner was "not on trial for having allegedly sold marijuana on some occasion to Milton Fagg.  He's not on trial today because he had some personal use marijuana sitting on the counter in his kitchen."  *Id*.

The officer who interviewed Petitioner testified, stating: "[L]ocated in [decedent's] pocket was a pretty good supply of marijuana, and given the nature and information that I had previously gathered through other investigations on Mr. Jones, I knew him to sell drugs...."  *Id*.  Defense counsel objected and moved for a mistrial.  The court denied the mistrial but instructed the jury to disregard the officer's remark and reminded it that he was not on trial for selling drugs.  *Id*.  Petitioner testified in his own defense and claimed that he shot the robber in self-defense.

In closing arguments, the prosecutor argued,

> [B]asically, as the case was outlined to you, we're dealing with a case of a small time drug dealer who gets ripped off by a couple of guys and then he seeks to retaliate against them, against the robbers, ends up shooting one of them in the back and now wants to claim self-defense.

Doc. 15, Ex. A.  Later, he reiterated, "[W]e have this small time drug dealer chasing after the guys that ripped him off of his dope."  *Id*.  Then, again, he stated: "He was not simply an innocent person forced to defend himself.  He was, as it later comes out in the evidence, the small-time drug dealer who got ripped off and was seeking retaliation."  *Id*.  The prosecutor concluded:

> The case we're dealing with...it starts as a robbery, and whether the man was being robbed of his drugs or not...does not make it any better for the guys that are involved in that.  There's no defense to them, "Well, I was robbing a drug dealer."  That's a crime too.  That's still a crime of robbery.

*Id*.

Petitioner was sentenced to 11 years imprisonment. He appealed, raising three issues: (1) whether the evidence was "insufficient to disprove self-defense," (2) whether the court erred in instructing the jury that self-defense applied only if the decedent was attempting to rob or murder Petitioner, and (3) whether the court erred in denying the motion for mistrial when he "volunteered that he had conducted other investigations of [Petitioner] and he knew [Petitioner] to sell drugs." Doc. 15, Ex. L. The appellate court affirmed without opinion. *Jones v. State*, 925 So.2d 314 (Fla. Dist. Ct. App. 2006).

Petitioner then sought Rule 3.850 post-conviction relief, arguing: (1) that the prosecutor made improper comments during closing arguments, (2) that counsel was ineffective for failing to object to the improper comments, (3) that counsel was ineffective in the manner in which he argued self-defense, (4) that counsel was ineffective for failing to request a "citizen's arrest" jury instruction, and (5) that counsel was ineffective in his questioning of Petitioner regarding self-defense. Doc. 15, Ex. S.

> The court denied the motion, finding:
>
> First, reference to defendant as a "drug dealer" was not objectionable given the evidence in the case. Secondly, defense counsel was not deficient in failing to argue justifiable use of deadly force in this case. This defense is not applicable to one attempting to make a citizens arrest.
>
> Finally, the Defendant contends his attorney was ineffective for failing to ask appropriate questions concerning self-defense. The defendant testified in his own defense. He was able to tell the jury his version of the incident. Testimony was elicited about self defense by defense counsel. Counsel was not ineffective in conducting [his] questioning of the Defendant.

*Id*.

Petitioner appealed, arguing that the court erred in denying his motion without evidentiary hearing and without attaching record support. The court of appeal affirmed without written opinion. *Jones v. State*, 941 So.2d 370 (Fla. Dist. Ct. App. 2006).

The instant amended petition followed in which Petitioner raises the same claims raised before the state court in the Rule 3.850 motion. Each will be discussed.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id.* at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme

Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Furthermore, a habeas petition grounded on issues of state law provides no basis for

habeas relief, as a violation of a state statute or rule of procedure is not, in itself, a violation of the federal constitution. *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 1567, 71 L.Ed.2d 783 (1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). This limitation on federal habeas review applies equally when a petition which truly involves only state law issues is couched in terms of alleged constitutional violations. *Branan*, 861 F.2d at 1508; *see also Johnson v. Rosemeyer*, 117 F.3d 104, 110 (3rd Cir. 1997) (errors of state law cannot be repackaged as federal errors simply by citing the United States Constitution).

Because many of the claims presented raise the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate.

To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no

competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007).  "The relevant question is not what actually motivated counsel, but what reasonable could have motivated counsel." *Id*.  When the court "can conceive of a reasonable motivation for counsel's actions," it can deny the claim of ineffectiveness without evidentiary hearing.  *Id*.  "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption...that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001).  "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).  There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the layer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16.  "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.  Quite importantly,

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on.  The lawyer's strategy was course A.  And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a

reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Additionally, prejudice is established only with a showing that the result of the proceeding was fundamentally unfair or unreliable. *Lockhart v. Hill*, 506 U.S. 364, 370 (1993).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail...are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000), *cert. denied*, 534 U.S. 903 (2001).

1. Denial of fair trial based on improper prosecutor comments and failure of counsel to object to comments (Grounds 1 and 2).

In these claims, Petitioner charges that the prosecutor improperly labeled him a "drug dealer" during closing arguments and that counsel was ineffective for failing to object to the prosecutor's characterization. To establish that a prosecutor engaged in misconduct in the presentation of his arguments to the jury, Petitioner must establish not only that the comments

were improper but that they prejudicially affected his right to a fair trial such that there is a reasonable probability that but for the remarks, the outcome of the trial would have been different. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). Assuming the claims are exhausted, which Respondent contests, the Court finds that the state court ruling is neither contrary to nor an unreasonable application of clearly established law. Petitioner's own words established that he sold marijuana in the past to one of the men who robbed him. That makes him a "drug dealer." Furthermore, there is not a reasonable probability that the outcome of the trial was affected by the comments. There is no doubt that Petitioner shot one of the robbers in the back and killed him, and the only real question for the jury to resolve was whether he acted in self-defense. The jury was instructed that the comments of the attorneys were not evidence and that it was to base its verdict solely on the evidence. In the words of the Eleventh Circuit, "Looking at the record as a whole, there is no reason to believe the prosecutor's characterization of the evidence during opening or closing arguments prejudicially affected the trial, much less obviously jeopardized its fairness and integrity." *United States v. Rosin*, 263 Fed. Appx. 16, 25 (11th Cir. 2008). Counsel therefore did not act ineffectively in failing to object to the comments.

These claims are without merit.

2.      Errors regarding presentation of defense (Grounds 3, 4, and 5).

The remaining claims involve counsel's presentation of Petitioner's defense. According to Petitioner, he not only had a claim of self-defense but also a claim that he had the right to use force to effect a citizen's arrest of the robbers. He also claims that counsel failed to point out that he had a right to pursue the robbers, that he was "in a place he had every right to be" when he shot the robber on the dirt road, and that he could not have safely retreated in his car without

shooting.  He further charges that counsel should have asked for a "citizen's arrest" instruction.

While Florida does recognize the right to use force to effect a citizen's arrest, *see Nelson v. Howell*, 455 So.2d 608, 610 (Fla. Dist. Ct. App. 1984) (private citizen may arrest person who commits felony in his presence, and where citizen has such person in his custody and felon attempts to flee, citizen may use such force in preventing felon's escape "as is necessary, or as appears to him in the exercise of reasonable discretion to be necessary, even to the extent of taking life"); *see also Collins v. State*, 143 So.2d 700, 703 (Fla. Dist. Ct. App. 1962) (private citizen does have common law right to arrest person who commits felony in his presence), Petitioner was not trying to effect an arrest.  According to his own testimony, after the robbers invaded his home, stole the marijuana, beat him up, and shot a hole in his floor, he retrieved his gun, got in his truck, and followed them off the property and away from his home to "try to get some kind of identification that I can give to the...Sheriff, where it could lead to their arrest," and to "see which way they went so I can at least give them some kind of sense of direction, which way they went."  Doc. 15, Ex. A at 208 & 211.  He never had them "in custody" and was not trying to hold them till law enforcement arrived.  Thus, a defense that he used force while effecting a citizen's arrest had no basis in fact, and therefore, counsel was not ineffective for failing to present the defense or the instruction thereon.

At the time of Petitioner's conviction, self-defense involving the use of deadly force could not be claimed unless the person reasonably believed deadly force was necessary to prevent imminent death or great bodily harm and the person had first used every reasonable means within his power to avoid the danger, including retreat.  *Weiand v. State*, 732 So.2d 1044, 1049 (Fla. 1999).  In his own home, however, a person is not required to retreat before resorting

to deadly force in self-defense, as long as the deadly force is necessary to prevent death or great bodily harm. *Id*. at 1051. There can be no doubt that when the robbers were in Petitioner's home, hitting him with the gun and shooting into his floor, he could have reasonably believed that deadly force was necessary to prevent his own imminent death, and he would have had no duty to retreat. In that situation, Petitioner would have been justified in using deadly force. However, under the facts of this case, Petitioner followed the robbers in his vehicle, and though the soon-to-be decedent leaned out the window of the getaway vehicle and shot at Petitioner, at any point during the chase, Petitioner could have stopped his vehicle, turned around, and called law enforcement. Instead, he continued to pursue them, and even after the decedent exited the vehicle, Petitioner followed him, and thus, he did not use every reasonable means within his power to avoid the danger. Based on these facts, counsel did the best job he could presenting the jury with the option of self-defense. There is nothing else that he could have added or about which he could have questioned Petitioner that would have altered these basic, undisputed facts. The claim that counsel acted ineffectively in presenting self-defense to the jury is without merit.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED** that the amended petition for writ of habeas corpus, Doc. 9, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 13th day of June, 2008.

S/A. Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**